BARHAM, Justice
(dissenting).
Article VII, Section 86, of our Constitution provides that all cases be allotted among the judges of the Criminal District Court of the Parish of Orleans “and each' judge or his successor shall have exclusive control of any case allotted to him from its inception to its final disposition in said court”. That article further provides for rule change by the court which will permit the exercise of “jurisdiction by any judge over any case previously allotted”.
The Criminal District Court of Orleans adopted a rule which permitted the transfer of cases “upon motion of the state or the defendant”. In the instant case Article VII, Section 86, vested “jurisdiction” in Division C of the Criminal District Court. Neither the state nor the defendant moved for a transfer of the case to the jurisdiction of another section of the court. The court ex proprio motu on the day of trial transferred the case from Section C to Section E of the Criminal District Court.
The defendant complained of the removal of the case under the grounds (1) that Division E had no jurisdiction over the case because of the specific requirement of the constitution and the failure of the records of the Criminal District Court to provide for the method of transfer utilized here; and (2) that since petit jury venires are selected for the particular sections of the Criminal District Court, i. e., a particular venire would be chosen for Division C and a totally separate and distinct venire would be chosen for Division E, defendant was denied due process by being subjected to a trial by jury which had no jurisdiction over the case and without notice prior to trial of the constituency of that jury ve-nire.
Since the constitution speaks of the divisions of the courts in the terms of jurisdiction; since the petit jury venires are chosen for sections and not for the entire court; since defendant was forced to trial before a venire different from the one which he had notice of as constituting the one from which his panel would be drawn, I am of the opinion that the transfer of the case from Division C to Division E constitutes a constitutional deficiency which requires reversal.
I respectfully dissent.